IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Troy Burks, | ) | C/A No. 3:12-1831-DCN-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Perry Correctional Institution Mailroom Officials, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, Troy Burks ("Plaintiff"), a state prisoner in the Perry Correctional Institution ("PCI") of the South Carolina Department of Corrections in Pelzer, South Carolina, filed the attached letter, dated June 18, 2012, which was construed as a Complaint and docketed as such, in this case, on July 18, 2012. *See* ECF No. 1 (attached). The *pro se* Complaint alleges that Defendants violated Plaintiff's civil rights, under 42 U.S.C. § 1983, by "unlawfully interfering or stopping [Plaintiff's] legal mail and personal mail." Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) D.S.C., this case was assigned to United States Magistrate Judge Joseph R. McCrorey, for initial review.

By Order dated November 16, 2012, ECF No. 6, Plaintiff was instructed to either pay the $350 filing fee for this case or submit a properly completed Application to Proceed Without Prepayment of Fees and Affidavit, and Financial Certificate, which are required by this Court's standing order, *In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants*, 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007), to bring the case into proper form for evaluation and possible service of process. *See* ECF No. 6, p. 1-2. Magistrate Judge

McCrorey warned Plaintiff that failure to provide the necessary information within the timetable set forth in the Order would subject the case to dismissal. *Id* at p. 1.

On November 29, 2012, Plaintiff responded to the Order by submitting a letter, ECF No. 8, in which Plaintiff stated:

> On November 16, 2012 the U.S. District Ct. District of South Carolina case no. 3:12-cv-01831-DCN-JRM Docket #6-1 sent me a legal order showing someone had filed a incorrect partition and illegally forged my name and legal complaint against S.C.D.C. I never filed this complaint myself. The Perry Corr. Inst. mailroom did not follow S.C.D.C. policy and guidelines by allowing some other inmate to forge my name & no. to send out legal mail without using my proper I.D. card.

ECF No. 8, p. 1. The time for Plaintiff to comply with the Order lapsed on December 10, 2012. Plaintiff's letter, denying that he filed the Complaint in this case, and Plaintiff's failure to pay the filing fee or submit an Application for Leave to Proceed Without Prepayment of Fees, indicate that Plaintiff's intent is to discontinue prosecuting this case. Thus, the case is subject to dismissal, because Plaintiff has failed to comply with the Court's Order of November 16, 2012, and failed to prosecute the case. It is therefore **ORDERED** that this case is **DISMISSED**, without prejudice, pursuant to Rule 41 of the Federal Rules of Civil Procedure. *See Link v. Wabash Railroad Company*, 370 U.S. 626 (1962).

**IT IS SO ORDERED.**

December 11, 2012                           David C. Norton
Charleston, South Carolina                  United States District Judge

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.